```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MARIA RAJACIC,                                    :
                                                  :
                        Plaintiff,                :        SUMMARY REMAND ORDER
                                                  :          18-CV-04212 (DLI) (RER)
        -against-                                 :
                                                  :
COSTCO WHOLESALE CORPORATION,                     :
                                                  :
                        Defendant.                :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

Defendant Costco Wholesale Corporation ("Defendant") originally removed this slip and fall tort action to this Court on July 25, 2018 from New York State Supreme Court, New York County invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Notice of Removal ("First Notice"), Dkt. Entry No. 1. Federal courts have subject matter jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See*, 28 U.S.C. § 1332(a)(1). A defendant seeking to remove a case based on diversity jurisdiction "must aver that all of the requirements of diversity jurisdiction have been met." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011). Here, Defendant failed to meet these requirements, first because it alleged that it is a citizen of Washington, but alleged no facts as to Plaintiff's citizenship, only her residence, which is insufficient to establish citizenship. *See,* First Notice; *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital*, *Inc.*, 87 F.3d 44, 47 (2d Cir. 1996).

Defendant alleged that the jurisdictional threshold for damages was satisfied because Plaintiff demanded judgment and settlement "in excess of $75,000." First Notice, ¶¶ 6-7. However, Defendant did not submit any documentation substantiating this assertion such as a demand letter from Plaintiff or an affidavit attesting to Plaintiff's demands. Nor did Defendant

specify the amount of damages demanded by Plaintiff or whether Plaintiff's demands were made orally or in writing.  Settlement demands generally are not reliable indicators of the amount in controversy.  *See*, *Branford Paint Center, Inc. v. PPG Architectural Finishes, Inc.*, 2007 WL 329115, at *2 (D. Conn. Feb. 1, 2007)

The Complaint attached to the First Notice is silent as to damages.  Plaintiff's reference to damages in an amount that exceeds the jurisdictional limits of all lower courts clearly refers to the lower courts of New York State, which may not entertain actions seeking to recover more than $25,000 and does not support Defendant's assertion that Plaintiff seeks more than $75,000 in damages.  *See*, *Woodley v. Mass. Mutual*, 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008).  Importantly, the Complaint and the First Notice are silent as to the nature and extent of Plaintiff's injuries, treatment received, or details regarding the other losses she purportedly suffered.  The Court, thus, is left to guess as to the amount in controversy based on Plaintiff's boilerplate allegations.  Compl. ¶ 13.  Such boilerplate pleadings do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction.  *See*, *Noguera v. Bedard*, 2011 WL 5117598, at *3 (E.D.N.Y. Oct. 26, 2011).  Thus, Defendant failed to allege facts in the First Notice that Plaintiff's damages exceeded $75,000.

On January 22, 2019, Defendant advised the Court that Plaintiff had agreed to cap her damages to $74,999.99, below the diversity jurisdictional threshold, and remand the case to state court, as verified by an email from Plaintiff's counsel.  *See*, Dkt. Entry Nos. 12 and 12-1.  By an Electronic Order issued on January 25, 2019, this Court found that Plaintiff's stipulation to cap damages below $75,000 divested the Court of subject matter jurisdiction under 28 U.S.C. § 1332 and remanded the case to state court.

On December 4, 2019, Defendant again removed this action to this Court from the New

York State Supreme Court, New York County invoking the Court's diversity jurisdiction alleging that, upon remand to state court, Plaintiff served Defendant with a written settlement demand for $2,000,000, despite their prior agreement to cap damages below $75,000. *See,* Notice of Removal ("Second Notice"), Dkt. Entry No. 13 at ¶ 13 and Ex. 13-5 at 5.  On February 3, 2020, Plaintiff moved to reopen this case. *See*, Dkt. Entry No. 19.  The parties have not filed a motion for remand.

For the reasons set forth below, Plaintiff's motion to reopen this case is denied as this Court lacks subject matter jurisdiction and, as such, this case is remanded to New York State Supreme Court, New York County *sua sponte*.

### DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff.  In pertinent part, 28 U.S.C. § 1447(c) states:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.*  The Second Circuit has construed this statute to authorize a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction.  *See*, *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).  The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability."  *Lupo v. Hum. Aff. Int'l*, 28 F.3d 269, 274 (2d Cir. 1994).

A party may not remove a matter back to federal court after the court has remanded the action to state court for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).  "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]" 28 U.S.C. § 1447(d).  The Second Circuit has interpreted the "or otherwise" language

3

to "bar[] district courts from reconsidering orders remanding cases on section 1447(c) grounds." *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 312 (2d Cir. 2005); *See*, *e.g.*, *Myers v. Sara Lee Corp.*, 2009 WL 1373578, at *1 (E.D.N.Y. May 15, 2009) (denying defendant's request for reconsideration of remand order when court remanded action for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c)). The *Myers* court noted that "[t]his principle of nonreviewability of remand orders based on lack of jurisdiction 'is important to our system of federalism' and prevents delay caused by 'procedural fencing over the intricacies and perplexities of removal jurisdiction.'" *Myers*, 2009 WL 1373578, at *1 (quoting *Ohio v. Wright*, 992 F.2d 616, 617 (6th Cir. 1993)).

As discussed above, Defendant initially failed to satisfy its burden of establishing the diversity jurisdictional requirements in its First Notice of Removal and supporting documents and, in any event, Plaintiff's written stipulation capping damages below the diversity jurisdictional threshold and consenting to remand to state court divested this Court of subject matter jurisdiction permanently. *See*, *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) ("[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the jurisdictional requirement."). These stipulations are "legally binding" on plaintiffs. *Id.*; *See*, *Poole v. J B Hunt Transp. Inc.*, 2018 U.S. Dist. LEXIS 89194, at *2-3 (E.D.N.Y. May 29, 2018) (remanding when damages amount in the complaint was ambiguous and plaintiff stipulated to seek no more than $74,999); *Arter v. Pathmark Stores, Inc.*, 2014 WL 7426792, at *2 (E.D.N.Y. Dec. 31, 2014) ("[H]aving stipulated to the value of her claim, the plaintiff is bound by that stipulation as she pursues her case in the state court system."). Accordingly, this Court lacks subject matter jurisdiction based on diversity and remand is proper.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion to reopen this case is denied as this Court lacks subject matter jurisdiction and this case is remanded to New York State Supreme Court, New York County, under Index No. 154976/2018.

SO ORDERED.

Dated: Brooklyn, New York
        March 31, 2021

/s/
DORA L. IRIZARRY
United States District Judge